**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALESSANDRA DE FATIMA LOMEU,<br><br>Plaintiff,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Defendants. | No. 25cv17408 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Alessandra de Fatima Lomeu, a former immigration detainee at Delaney Hall Detention Facility ("Delaney Hall") in Newark, New Jersey, brings this action for a declaration and injunction preventing Defendants Luis Soto, John Tsoukaris, Todd Blanche, Markwayne Mullin, and David J. Venturella[1] in their official capacities (collectively, "Defendants") from rearresting and detaining her. D.E. 1 ("Complaint" or "Compl."). Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5). D.E. 12-1 ("Motion" or "Mot.").[2] Plaintiff opposes the Motion, D.E. 13 ("Opp'n"), and Defendants reply, D.E. 14 ("Reply"). The Court decides the Motion without oral argument. *See* Fed. R. Civ. R. 78(b); L. Civ. R. 78.1(b).

[1] The Complaint names Pamela Bondi, Kristi Noem, and Todd M. Lyons in their official capacities. Because those individuals no longer hold their respective offices, their successors—Todd Blanche, Markwayne Mullin, and David J. Venturella—are automatically substituted as Defendants pursuant to Federal Rule of Civil Procedure 25(d).

[2] Defendants' Notice of Motion is at D.E. 12. The Court refers to Defendants' memorandum of law as their Motion.

For the reasons below, the Court will **GRANT** the Motion under Rule 12(b)(1) and will **DISMISS** ***without prejudice*** the Complaint for lack of standing. Therefore, the Court need not reach the defenses of lack of personal jurisdiction based on ineffective service under Rules 12(b)(2) and (b)(5).

## I. BACKGROUND

On October 2, 2025, immigration officers arrested Plaintiff at a required biometrics appointment and detained her under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. Compl. ¶¶ 18–20. On October 23, 2025, this Court granted Plaintiff's prior habeas petition, ordered her release, and permanently prohibited the respondents from detaining her under § 1225 while she remains in the United States. *De Fatima Lomeu v. Soto*, No. 25-16589, D.E. 11 at 1–2 (D.N.J. Oct. 23, 2025) ("Prior Habeas Order"). The Court also barred Defendants from arresting Plaintiff under § 1226(a) for fourteen days, required a bond hearing if the respondents later detained her under § 1226(a), and permitted her to move to reopen the habeas proceeding if she was not provided a timely bond hearing. *Id.* at 2.

Plaintiff filed the present Complaint on November 5, 2025. *See* Dkt. She alleges that she was required to report to ICE on November 13, 2025, and feared she would be arrested, subjected to prolonged detention without a bond hearing, and suffer a recurrence of the inadequate medical care she described during her prior detention. Compl. ¶¶ 21–24. Plaintiff asserts in Count One that rearrest without probable cause would violate the Fourth Amendment and in Count Two that rearrest and the anticipated detention conditions would violate the Fifth Amendment because she is not a flight risk or danger and her prior conditions of confinement violated due process. *Id.* at 10–11 ¶¶ 1–6. As a result, Plaintiff seeks a declaration that Defendants' conduct and threatened

rearrest are unconstitutional and seeks a preliminary and permanent injunction against rearrest. *Id.* at 11.

Defendants argue that the prior habeas order has already supplied relief, Plaintiff lacks standing to seek a broader injunction concerning possible future detention, and the Court lacks personal jurisdiction based on Plaintiff's failure to complete service. Mot. at 3–8. Plaintiff disputes each ground for dismissal. Opp'n at 2–5. In reply, Defendants contend this action is a procedurally improper manner to challenge the relief this Court ordered in Plaintiff's prior habeas case and that Plaintiff's request for injunctive relief is speculative and unripe. Reply at 1–2.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). When determining whether to dismiss a complaint under Rule 12(b)(1), the court must first determine "whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. On the other hand, "a factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.*

Because standing is a jurisdictional matter, a motion to dismiss for want of standing is properly brought under Rule 12(b)(1). *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024). To determine whether a complaint pleads standing, courts "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Id.* (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). Plaintiff has the burden of establishing the elements of standing, including: (1) that she suffered an injury in fact; (2) the injury is fairly traceable to Defendants' challenged conduct; and (3) the injury is likely to be redressed by a favorable determination by the court. *Id.* Injury in fact has three sub-elements: "(1) invasion of a legally protected interest; (2) injury that is both concrete and particularized; and (3) injury that is actual or imminent, not conjectural or hypothetical." *Id.* (citation modified) (quoting *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 284 (3d Cir. 2018)).

## III. ANALYSIS

Defendants raise a pre-answer facial jurisdictional challenge by contesting the sufficiency of Plaintiff's asserted future injury without submitting sworn evidence establishing a factual challenge. Thus, the Court accepts the Complaint's plausible factual allegations as true and draws reasonable inferences in Plaintiff's favor. *See Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (explaining that an attack on a pleading filed before any answer to a complaint is, "by definition, a facial attack").[3]

[3] The Court does not rely on Defendants' representations in the Motion that a later check-in occurred without arrest, that Plaintiff entered automated reporting, or that ICE presently intends to leave her at liberty, because those facts were not raised in Plaintiff's Complaint. Mot. at 3, 5; *see* Compl.

A plaintiff seeking prospective relief must allege "a real and immediate threat of repeated injury." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). It may suffice to allege a future injury "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). Plaintiff "bears the burden of establishing standing as of the time she brought the lawsuit and maintaining it thereafter." *Id.* (citation modified) (quoting *Carney v. Adams*, 592 U.S. 53, 59 (2020)).

Plaintiff was arrested at a required ICE biometrics appointment on October 2, 2025. Compl. ¶ 18. She alleges that ahead of a subsequent ICE check-in on November 13, 2025, she feared rearrest at this or future required check-ins based on the alleged experiences of hundreds of other noncitizens. Compl. ¶¶ 21–22. There is, however, an existing order that prohibits her future mandatory detention under § 1225. *See* Prior Habeas Order. A second order giving Plaintiff that same protection would not supply additional relief. That protection was in place when this action began. *See id.* Thus, Defendants' argument concerning duplicative relief, Mot. at 3, raises a question of standing and redressability at filing. *See Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305–07 (3d Cir. 2020) ("at the start of litigation, the burden rests on the plaintiff . . . to show its standing to sue.").

Plaintiff relies on *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025), a class action in the Northern District of California in which noncitizens challenged DHS's policy of re-detaining noncitizens previously released from custody without individualized determinations that their material circumstances had changed. Opp'n at 3. *Garro Pinchi*, however, is distinguishable because the plaintiffs there had been released following DHS's discretionary determination that they posed no flight risk or danger to the community. *Id.* at 1015. Here, Plaintiff was released

pursuant to the Prior Habeas Order, which found her detention under § 1225(b)(2)(A) unlawful. *See* Reply at 2; Prior Habeas Order.

Moreover, the subsequent precedential decision by the Third Circuit in *Buele Morocho v. Warden*, 189 F.4th 287, 301–05 (3d Cir. Aug. 28, 2026), confirms that longtime interior residents may not be detained without a bond hearing under § 1225(b)(2)(A). The Prior Habeas Order already affords Plaintiff that protection by prohibiting her re-detention under § 1225(b)(2)(A). Although that Order does not prohibit future detention under § 1226(a), Plaintiff has not alleged facts establishing a real and immediate threat that Defendants will unlawfully exercise that authority against her.

Plaintiff further asserts that the Prior Habeas Order did not adjudicate "the constitutional implications" of Defendants compelling her to repeatedly report to ICE while simultaneously remaining subject to discretionary rearrest authority. Opp'n at 2. The alleged constitutional implications are unclear; immigration officers and officials have statutory authority to impose reporting requirements when a noncitizen is released from discretionary detention, *see* 8 U.S.C. §§ 1103(a), 1226(a)(2), and to detain certain noncitizens whom they have determined pose a flight risk or danger to society, subject to agency review and due process guarantees under § 1226(a) and 8 C.F.R. § 236.1. Plaintiff, however, has not alleged facts establishing a sufficiently imminent threat of unlawful detention to satisfy the injury in fact requirement. *See Huertas*, 120 F.4th at 1174. The Prior Habeas Order expressly contemplates a later arrest under § 1226(a) and requires a timely bond hearing if Plaintiff is detained. Prior Habeas Order.

Finally, Plaintiff has not alleged any facts beyond her conjecture that detention conditions she experienced in October 2025 would be duplicated at any future time and place. Moreover, this Court was not required previously to address Plaintiff's alleged unconstitutional conditions of

confinement claim because the claim was mooted when she was transferred from Delaney Hall. *De Fatima Lomeu v. Soto*, No. 25-16589, D.E. 10 at 5–7 (D.N.J. Oct. 23, 2025). Based on Plaintiff's short detention in Delaney Hall in October 2025, the Court cannot reasonably infer a substantial risk of future injury from alleged unconstitutional conditions of confinement. *See Murthy*, 603 U.S. at 59 ("the past is relevant only insofar as it is a launching pad for a showing of imminent future injury."); s*ee, e.g., Juan E. M. v. Decker*, No. 20-4594, 2022 WL 17340669, at *3–5 (D.N.J. Nov. 30, 2022) (holding there was no reasonable expectation the petitioner would be re-detained in ICE custody and subject to inadequate protection from COVID-19).

Put simply, Plaintiff has not plausibly alleged a real and immediate threat of unlawful rearrest or detention beyond the protections already afforded by the Prior Habeas Order.

## IV. CONCLUSION

Accordingly, the Court will **GRANT** Defendants' Motion under Rule 12(b)(1) and will **DISMISS** ***without prejudice*** the Complaint for lack of standing. An appropriate Order accompanies this Opinion.

Dated: November 24, 2026

Evelyn Padin, U.S.D.J.